Mark S. Scheffer, Esquire
LAW OFFICES OF MARK S. SCHEFFER
Identification Nos. 59271
P.O. Box 111
Birchrunville, PA 19421
(610) 915-8351

Attorney for Plaintiff

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RONALD L. ESTEL, JR. | : | CIVIL ACTION |
| Plaintiff | : | NO. |
| | : | |
| v. | : | |
| | : | |
| DELAWARE VALLEY UNIVERSITY | : | Jury Trial Demanded |

**COMPLAINT**

1. Plaintiff, Ronald L. Estel, Jr., is a citizen of the United States of America residing therein at 66 Wheatsheaff Lane, Perkasie, PA 18944. Mr. Estel was born in 1970.

2. Defendant, Delaware Valley University, is an institution of higher education located at 700 East Butler Ave., Doylestown, PA 18901

3. The causes of action set forth in this Complaint arise under the American with Disabilities Act of 1990 (“ADA”), as amended, 42 U.S.C. §12101 *et seq.*, Title VII of the Civil Rights Act of 1964 (“Title VII”), as amended, 42 U.S.C. §2000(e) et seq., the Age Discrimination of Employment Act of 1967 (“ADEA”), as amended, 29 U.S.C. §621 *et seq.,* and the Pennsylvania Human Relations Act (“PHRA”), 43 P.S. §951 *et seq*.

4. The District Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1343 and 1367.

5. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting in the course and scope of their employment with

Defendant and in furtherance of Defendant's business.

6. Plaintiff was hired by Defendant in August of 2023 and is employed by Defendant as a custodian.

7. In June of 2025, Plaintiff sustained injuries in a non-work related incident, including a tear to his right achilles tendon which required surgery and a leave of absence from work from through February of 2026.

8. Plaintiff returned to work in a light duty capacity on or about February 19, 2026, with medical restrictions which involved a 25 pound weight lifting limit and avoiding working on stairs.

9. In late April of 2026 Plaintiff's restrictions were modified to include not working over 40 hours a week.

10. Acceptance of Plaintiff's restrictions was revoked, and Plaintiff stopped working on May 8, 2026.

11. Defendant indicated that it could not continue to accommodate Plaintiff's medical restrictions on his shift (3rd shift) and because of staffing issues during the summer months, and Plaintiff was placed on an unpaid leave of absence. .

12. Despite Defendant's asserted justification for revoking Plaintiff's restrictions, a female custodian, Mysti Alexander, who had similar medical restrictions to Plaintiff, was allowed to work on the third shift and during summer months, and was not suspended involuntarily..

13. Another older co-worker of Plaintiff's, another custodian named Greg Fuller, was also treated disparately and is believed to have his medical accommodation denied.

14. On or about August 03, 2026, Plaintiff signed a formal charge of age, disability,

and sex discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which issued a dismissal notice and right to sue on the charge dated August 10, 2026.

**COUNT I – ADA**

15. Plaintiff incorporates herein by reference Paragraphs 1 through 14 above as if set forth herein in their entirety.

16. Plaintiff had a disability, a record of a disability, or was perceived to have a disability by Defendant within the meaning of the ADA by reason of the injuries to his right ankle and medical restrictions stemming therefrom, his medical treatment, and/or Defendant's perception of the same.

17. Defendant violated the ADA by denying or revoking reasonable accommodation to Plaintiff, and suspending him without pay in May of 2026.

18. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered, and continues to suffer, a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and costs.

**COUNT II – Title VII**

19. Plaintiff incorporates herein by reference paragraphs 1 through 14 above as if set forth herein in their entirety.

20. Defendant violated Title VII by discriminating against him and treating him disparately compared to female coworkers.

21. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered, and continues to suffer, a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and costs.

**COUNT III – ADEA**

22. Plaintiff incorporates herein by reference Paragraphs 1 through 14 above as if set forth herein in their entirety.

23. Defendant's conduct violated the ADEA.

24. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has sustained a loss of earnings, loss of earning capacity, attorney's fees and costs.

**COUNT IV-PHRA**

25. Plaintiff incorporates herein by reference Paragraphs 1 through 24 above as if set forth herein in their entirety.

26. Defendant, by the above discriminatory and wrongful acts, has violated the PHRA.

27. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the losses set forth above.

**RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a) Declaring Defendant's actions to be in violation of the ADA, Title VII and/or the ADEA;

(b) Awarding Plaintiff reinstatement to his job;

(c) Awarding compensatory damages to Plaintiff to make Plaintiff whole for all lost earnings, past and future, which Plaintiff has suffered as a result of Defendant's improper and discriminatory treatment, including, but not limited to, past and future wages, lost earning

capacity, pension and other lost benefits;

(d) Awarding compensatory damages to Plaintiff for emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(e) Awarding Plaintiff's costs of this action, together with reasonable attorney's fees;

(f) Awarding Plaintiff punitive or liquidated damages and such other damages as are appropriate under the ADA, Title VII, the ADEA and the PHRA; and,

(g) Granting such other and further relief as the court deems appropriate.

Respectfully submitted,

/s/ Mark S. Scheffer
Mark S. Scheffer, Esquire
Law Offices of Mark S. Scheffer
P.O. Box 111
Birchrunville, PA 19421

Attorney for Plaintiff